# NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAO-MSO RECOVERY II, LLC**, a Delaware entity; **MSP RECOVERY, LLC**, a Florida entity; **MSPA CLAIMS 1, LLC**, a Florida entity,<br><br>Plaintiffs,<br><br>v.<br><br>**THE FARMERS INSURANCE EXCHANGE**, and its subsidiaries and affiliates; and **THE FARMERS GROUP INC. d/b/a FARMERS UNDERWRITER'S ASS'N**, and its subsidiaries and affiliates,<br><br>Defendants. | Case No. 2:17-cv-02522-CAS-PLA<br><br>Hon. Christina A. Snyder<br><br>**STIPULATION FOR PROTECTIVE ORDER;** [~~PROPOSED~~] **ORDER**<br><br>Complaint Filed: March 31, 2017 |

## 1.1   PURPOSES AND LIMITATIONS

Pleadings, disclosure and discovery activity in this Action may involve disclosure and production of confidential, proprietary, or private information for which special protection from public disclosure and/or from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all

pleadings, disclosures or responses to discovery and that the protection it affords from public disclosure and/or use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal and that Civil Local Rule 79-5 sets forth the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2 GOOD CAUSE STATEMENT

On March 31, 2017, Plaintiffs MAO-MSO Recovery II, LLC, MSP Recovery, LLC, and MSPA Claims 1, LLC (collectively, "Plaintiffs"), filed two Class Action Complaints against Defendants Farmers Insurance Exchange and Farmers Group Inc. dba Farmers Underwriter's Ass'n (collectively, "Defendants"), asserting, on behalf of themselves and all others similarly situated, that Defendants allegedly failed to fulfill their purported statutorily-mandated duty to reimburse Medicare Advantage Organizations ("MAOs") for medical expenses arising out of automobile accidents of the MAOs' beneficiaries. (Class Action Complaint, First ¶ and ¶¶ 1-3.)

The two actions are: (1) *MAO-MSO Recovery II, LLC, et al. v. Farmers Insurance Exchange, et al.*, U.S.D.C. Central District of California Case No. 2:17-cv-02522-CAS-PLA, and (2) *MAO-MSO Recovery II, LLC, et al. v. Farmers Insurance Exchange, et al.*, U.S.D.C. Central District of California Case No. 2:17-cv-02559-CAS-PLA. The two actions were deemed related by Court Order dated April 21, 2017.

In each action, Plaintiffs allege that "the name[s] of Medicare Beneficiaries" are protected "[p]ursuant to the Health Insurance Portability and Accountability Act of 1996 ('HIPAA')" and are therefore highly confidential and should be shielded from public disclosure and "provided to [Defendants only] upon execution of a qualified protective order." (Class Action Complaint, ¶ 52, fn. 9.). Considering the

nature of Plaintiffs' claims and the Defendants' anticipated defenses, discovery in this matter is likely to entail the exchange of confidential patient information and may also involve proprietary business information, trade secrets, and other types of information subject to confidentiality. Such material may require confidential treatment. Thus, there is good cause for the entry of a protective order that will enable the Parties to freely exchange confidential information while, at the same, preserving the rights of Parties and the obligations of the Court to eschew secrecy in Court proceedings.

In addition, the Parties intend, and by this Stipulation for Protective Order request, the Court's permission, to use initials in court-filed documents to identify the names of the Medicare beneficiaries; however, the Parties will serve un-redacted pleadings amongst themselves using the beneficiaries' names and not their initials.

2. <u>DEFINITIONS</u>

2.1 <u>Action</u>: this pending lawsuit, *MAO-MSO Recovery II, LLC, et al. v. Farmers Insurance Exchange, et al.*, U.S.D.C. Central District of California Case No. 2:17-cv-02522-CAS-PLA.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). This information includes: (a) personal, business, strategic, proprietary, or commercially sensitive information that is nonpublic and confidential and (b) non-public material that contains sensitive personal information, including, without limitation, personal financial information and protected health information as defined in 45 C.F.R. § 160.103 ("PHI").

2.4 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in pleadings, disclosures, or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Once a case proceeds to trial, information that was designated as confidential or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See*

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

5. <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a

page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, Parties and deponents shall, within thirty (30) days after receiving a transcript, designate pages of the transcript and/or deposition exhibits as confidential. Confidential Information within the transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the confidentiality legend pursuant to the provisions above. Until expiration of the 30-day period, the entire transcript will be treated as subject to protection against disclosure under this Order; except that a party can provide written notice of its intent to treat the transcript or portions thereof as not confidential, and in that case any party opposing such treatment shall within one (1) business day state its objection thereto and thereby require the party to implement the under seal procedures set forth herein and/or the procedures for challenging a confidential designation set forth herein.

If no party or deponent timely designates confidential information in a deposition, none of the transcript or its exhibits will be treated as confidential. If a

1 timely designation is made, the confidential portions and exhibits shall be filed under
2 seal, separate from the portions and exhibits not so designated, and all copies of the
3 confidential portions and exhibits shall be treated as Confidential Information
4 pursuant to the terms of this Order.

5 Additionally, during any deposition or pretrial hearing, a Designating Party
6 may identify on the record, before the close of the deposition, hearing, or other
7 proceeding, those portions of the deposition that contain protected testimony.

8 If any party in good faith disagrees with a confidential designation of any
9 portion of a deposition transcript or of any deposition exhibit, the procedures for
10 challenging confidential designations outlined in this Order will apply.

11 (c) for information produced in some form other than documentary and for
12 any other tangible items, that the Producing Party affix in a prominent place on the
13 exterior of the container or containers in which the information or item is stored the
14 legend "CONFIDENTIAL." If only a portion or portions of the information or item
15 warrant protection, the Producing Party, to the extent practicable, shall identify the
16 protected portion(s).

17 5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent
18 failure to designate qualified information or items does not, standing alone, waive the
19 Designating Party's right to secure protection under this Order for such material.
20 Upon timely correction of a designation, the Receiving Party must make reasonable
21 efforts to assure that the material is treated in accordance with the provisions of this
22 Order.

23

24 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

25 6.1 Timing of Challenges. Any Party or Non-Party may challenge a
26 designation of confidentiality at any time, *within the discovery period set by the district judge.*

27 6.2 Meet and Confer. The Challenging Party shall initiate the dispute
28 resolution process under Local Rule 37.1 et seq.

6.3  Underline: Burden. The burden of persuasion and proof in any challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1  Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order and, where applicable, consistent with the requirements set forth by the Health Insurance Portability and Accountability Act of 1996.

7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (d) the court and its personnel;

  (e) court reporters and their staff;

  (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

  (h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

  (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; and

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the Non-Party.

  (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5, <u>with the following modification</u>. Protected Material may be filed under seal prior to the issuance of a court order authorizing the sealing of the specific Protected Material at issue provided (1) the Parties consent, without waiving any right to later challenge the Protected Material, and (2) the Party filing the Protected Material moves, concurrently same day, to seal the matter. If the application to file Protected Material under seal is denied

by the court, then the Party filing the Protected Material must withdraw the material from consideration or else refile the information in the public record, unless otherwise instructed by the court. *Good cause must be shown in any application to file material under seal.*

12.4. <u>No Prejudice to Modify Order</u>. This Stipulation for Protective Order shall not prejudice the right of any Party to move the Court for relief or modification of this Stipulation for Protective Order, for a determination from the Court that any Confidential Matters are in fact not confidential, or for further protective orders as the Court may deem appropriate, provided that the non-moving Parties are served with a copy of such motion and, provided further that the non-moving Parties have the right to object to any such motion.

12.5. <u>No Limitation on Court's Power to Modify Order</u>. Nothing in this Stipulation for Protective Order or any action or agreement of a Party under this Stipulation for Protective Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery, at any evidentiary hearing, or at trial.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this

provision, Counsel are entitled to retain an archival copy of all pleadings, motions, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

*[Signatures on following page]*

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  Dated: May 22, 2017                           **AKERMAN LLP**

4                                                By: /s/ *Michael Weiss*
                                                     Michael Weiss
5                                                *Attorneys for Defendants Farmers Insurance Exchange and Farmers Group Inc.*

8  Dated: May 22, 2017                           **BAUM HEDLUND ARISTEI & GOLDMAN, P.C.**

10                                               By: /s/ *R. Brent Wisner*
                                                     R. Brent Wisner
11                                               *Attorneys for Plaintiffs*

13 FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

14 DATED: 5/28/17

16 _____
   HON. PAUL L. ABRAMS
17 United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *MAO-MSO Recovery II, LLC v. The Farmers Insurance Exchange*, 2:17-cv-02522-CAS-PLA (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____