# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx)<br>2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - DEFENDANTS' MOTION TO STRIKE OR, IN THE ALTERNATIVE, DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT in No. 17-2522 (Dkt. 82, filed January 22, 2018).

DEFENDANTS' MOTIONS TO STRIKE OR, IN THE ALTERNATIVE, DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT in No. 17-2559 (Dkts. 81 & 82, filed January 22, 2018).

## I. INTRODUCTION

Plaintiffs MAO-MSO Recovery II, LLC, MSP Recovery Claims, Series LLC, and MSPA Claims 1, LLC (collectively, "plaintiffs") bring these two putative class action lawsuits against various corporate entities within the Farmers Insurance Group of Companies (hereinafter collectively referred to as "defendants"). Plaintiffs allege they are assignees of numerous Medicare Advantage Organizations ("MAOs") and seek to recover double damages pursuant to the Medicare Secondary Payer ("MSP") provisions of the Medicare Act, 42 U.S.C. § 1395y(b), based on defendants' failure to fulfill their statutory obligation to reimburse the MAOs for accident-related medical expenses. More than a dozen similar lawsuits have been filed by plaintiffs against other insurance companies throughout the country.[1]

---

[1] See, e.g., MAO-MSO Recovery II, LLC v. Allstate Ins. Co., Nos. 1:17-cv-01340, 1:17-cv-02370 (N.D. Ill.); MAO-MSO Recovery II, LLC v. Nationwide Mut. Ins. Co., Nos. 2:17-cv-00164, 2:17-cv-00263 (S.D. Ohio); MAO-MSO Recovery II, LLC v. Am.

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx)<br>2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

     On March 31, 2017, plaintiffs filed a complaint in Case No. 2:17-cv-02559, the "Settlement Case," which alleges that defendants have a duty to reimburse the MAOs based on settlement agreements between tortfeasors insured by defendants and injured Medicare beneficiaries. On April 3, 2017, plaintiffs filed a related complaint in Case No. 2:17-cv-02522, the "No-Fault Case," alleging that defendants have reimbursement obligations because they issued no-fault insurance policies to Medicare beneficiaries injured in automobile accidents. Defendants filed motions to dismiss in both cases, but plaintiffs mooted those motions by amending their complaints. On September 6, 2017, defendants filed motions to dismiss the first amended complaints ("FACs") for lack of standing and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. On November 20, 2017, the Court granted defendants' motions and dismissed the FACs for lack of standing, but granted leave to amend. On December 11, 2017, plaintiffs filed second amended complaints ("SACs") in both actions.

     On January 22, 2018, defendants filed motions to strike or, in the alternative, dismiss the SACs. See No. 17-2559, dkts. 81 & 82; No. 17-2522, dkt. 82 (collectively, "Mot."). On February 5, 2018, plaintiffs filed a joint opposition. No. 17-2559, dkt. 83; No. 17-2522, dkt. 83 ("Opp'n"). On February 12, 2018, defendants filed reply briefs. No. 17-2559, dkt. 84; No. 17-2522, dkt. 84 (collectively, "Reply"). On February 26, 2018, the Court heard oral argument, took the motions under submission, and directed the

---

Fam. Mutual Ins. Co., Nos. 3:17-cv-00175, 3:17-cv-00262 (W.D. Wis.); MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co., No. 1:17-cv-20946 (S.D. Fla.); MAO-MSO Recovery II, LLC v. Gov't Emps. Ins. Co., Nos. 8:17-cv-00711, 8:17-cv-00964 (D. Md.); MAO-MSO Recovery II, LLC v. Mercury Gen., Nos. 2:17-cv-2525, 2:17-cv-2557 (C.D. Cal.); MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co., No. 1:17-cv-01541 (C.D. Ill.); MAO-MSO Recovery II, LLC v. Progressive Corp., No. 1:17-cv-00686 (N.D. Ohio); MAO-MSO Recovery II, LLC v. Infinity Prop. & Cas. Grp., No. 2:17-cv-00513 (N.D. Ala. 2017); MAO-MSO Recovery II, LLC v. AAA Auto Club, Nos. 8:17-cv-00601, 8:17-cv-00586 (C.D. Cal.); MAO-MSO Recovery II, LLC v. Erie Indemnity Co., Nos. 1:17-cv-00081, 1:17-cv-00075 (W.D. Pa.); MAO-MSO Recovery II, LLC v. Liberty Mut., Nos. 1:17-cv-10563, 1:17-cv-10564 (D. Mass.); MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co., No. 1:17-cv-21289 (S.D. Fla.); MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc., No. 1:17-cv-21996 (S.D. Fla.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx) 2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

parties to engage in limited jurisdictional discovery with respect to plaintiffs' standing to assert claims against the various Farmers entities named in the SACs. Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Statutory Framework

Medicare, enacted in 1965, is a federal health insurance program primarily benefitting those 65 years of age and older. See Social Security Amendments of 1965, Pub. L. No. 89–97, 79 Stat. 286 (codified as amended at 42 U.S.C. §§ 1395 to 1395kkk–1). The Medicare Act consists of five parts: Part A, Part B, Part C, Part D and Part E. Parts A and B regulate the traditional fee-for-service Medicare program administered by the Centers for Medicare & Medicaid Services ("CMS"). See 42 U.S.C. §§ 1395c to 1395i–5; §§ 1395–j to 1395–w. Part C is the Medicare Advantage program—described in further detail below—wherein Medicare beneficiaries may elect to use private insurers, i.e., MAOs, to deliver their Medicare benefits. See 42 U.S.C. §§ 1395w–21 to w–28. Part D provides for prescription drug coverage, and Part E contains generally applicable definitions and exclusions. One such exclusion is the MSP provisions of the Act. See 42 U.S.C. § 1395y(b).

### 1. MSP Provisions of the Medicare Act

In 1980, Congress added the MSP provisions to the Medicare Act in an effort to contain rising Medicare costs. See Omnibus Reconciliation Act of 1980, Pub. L. No. 96–499, 94 Stat. 2599 (codified as amended at 42 U.S.C. § 1395y(b)); see also Zinman v. Shalala, 67 F.3d 841, 843 (9th Cir. 1995). Prior to the MSP's passage, Medicare often acted as a primary insurer, that is, Medicare paid for its beneficiaries' medical expenses even if there was overlapping insurance coverage or when a third party had an obligation to pay for the expenses. The MSP makes Medicare a "secondary payer" and shifts responsibility for medical payments to other group health plans, workers' compensation, no-fault and liability insurers, which are considered "primary plans." 42 U.S.C. § 1395y(b)(2). Specifically, the MSP prohibits Medicare from paying for items or services if "payment has been made or can reasonably be expected to be made" by a primary payer. Id. § 1395y(b)(2)(A)(ii).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx) 2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

If a primary payer "has not made or cannot reasonably be expected to make payment with respect to the item or service promptly," Medicare is authorized to make a "conditional payment." Id. § 1395y(b)(2)(B)(i). However, since Medicare remains the secondary payer, the primary payer must then reimburse Medicare for all conditional payments "if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service." Id. § 1395y(b)(2)(B)(ii). This responsibility may be demonstrated by "a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." Id.

To facilitate recovery of these conditional payments, the MSP provides for a right of action by the United States, for double damages, against "any or all entities that are or were required or responsible" to make payment under a primary plan. Id. § 1395y(b)(2)(B)(iii). In addition to the right of action by the United States, Congress in 1986 established "a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement)." Omnibus Budget Reconciliation Act of 1986, Pub. L. No. 99–509, 100 Stat. 1874 (codified as amended at 42 U.S.C. § 1395y(b)(3)(A)). "The private cause of action allows Medicare beneficiaries and healthcare providers to recover medical expenses from primary plans." Parra v. PacifiCare of Arizona, Inc., 715 F.3d 1146, 1152 (9th Cir. 2013).

### 2. MAOs as Secondary Payers

In 1997, Congress enacted Medicare Part C, now known as the Medicare Advantage program. Balanced Budget Act of 1997, Pub. L. No. 105–33, 111 Stat. 251 (codified as amended at 42 U.S.C. §§ 1395w–21 to w–28). Part C allows eligible participants to opt out of traditional Medicare and instead obtain benefits through MAOs, which receive a fixed payment from the CMS for each enrollee. 42 U.S.C. §§ 1395w–21, 1395w–23. Part C is intended to "allow beneficiaries to have access to a wide array of private health plan choices in addition to traditional fee-for-service Medicare. . . . [and] enable the Medicare program to utilize innovations that have helped the private market contain costs and expand health care delivery options." H.R. Rep. No. 105–149, at 1251 (1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx)<br>2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

Part C also includes a secondary payer provision that authorizes a MAO to charge a primary payer for medical expenses paid on behalf on an enrollee. See 42 U.S.C. § 1395w–22(a)(4). Although this provision does not expressly state that an MAO can avail itself of the MSP private cause of action at § 1395y(b)(3)(A), CMS regulations state that an "[MAO] will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations in subparts B through D of part 411 of this chapter." 42 C.F.R. § 422.108(f). In addition, both the Eleventh and Third Circuits have held that an MAO has a private right of action under § 1395y(b)(3)(A) to recover conditional payments it made on behalf of its enrollees. See MSP Recovery, LLC v. Allstate Ins. Co., 835 F.3d 1351, 1361 (11th Cir. 2016); In re Avandia Marketing, Sales Practices, & Products Liability Litigation, 685 F.3d 353, 356, 367 (3d Cir. 2012).

### B. Procedural History

#### 1. Settlement and No-Fault Complaints

On March 31 and April 3, 2017, plaintiffs filed their respective complaints in these cases, naming the Farmers Insurance Exchange and the Farmers Group Inc. d/b/a Farmers Underwriters Association as defendants. No. 17-2559, dkt. 1 ("Settlement Compl."); No. 17-2522, dkt. 1 ("No-Fault Compl."). The complaints allege that "numerous" MAOs assigned their recovery rights under the MSP to plaintiffs. Settlement Compl. ¶¶ 39–42; No-Fault Compl. ¶¶ 45–48.

In the Settlement Case, plaintiffs allege that numerous Medicare beneficiaries, who were enrolled in Medicare Advantage plans administered by the MAOs, suffered injuries in accidents and received treatment paid for by the MAOs. Settlement Compl. ¶ 45. Plaintiffs allege that defendants had a primary responsibility to pay for these medical expenses pursuant to the MSP based on settlement agreements between tortfeasors insured by defendants and the injured Medicare beneficiaries, but failed to pay or reimburse the MAOs for these expenses. Id. ¶ 46. The complaint indicates that there are two "representative" MAOs and two "representative" Medicare beneficiaries but the names of these entities and individuals were redacted. Id. ¶¶ 57–58. Plaintiffs noted that the names of the beneficiaries and corresponding MAOs would be provided to defendants following the entry of a protective order. Id. at 15 n.9. Plaintiffs assert two claims against defendants: (1) a private cause of action for double damages pursuant to §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case Nos. | 2:17-cv-02522-CAS(PLAx) <br> 2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
|---|---|---|---|
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

1395y(b)(3)(A); and (2) breach of contract by way of subrogation under 42 C.F.R. § 411.24(e). Id. at 18–20.

In the No-Fault Case, plaintiffs allege that numerous Medicare beneficiaries injured in automobile accidents were both enrolled in Medicare Advantage plans administered by the MAOs and carried no-fault insurance policies issued by defendants that provided coverage for medical expenses related to injuries sustained in automobile accidents. No-Fault Compl. ¶ 52. Plaintiffs allege that defendants were required under the MSP to make primary payment for the beneficiaries' medical expenses covered by the MAOs, but defendants failed to pay or reimburse the MAOs. Id. ¶ 53. As in the Settlement Case, the identities of the "representative" beneficiaries and MAOs were redacted. Id. ¶¶ 48–49. Plaintiffs assert a single claim for double damages pursuant to § 1395y(b)(3)(A). Id. at 14–16. Both cases seek to certify nationwide classes of similarly situated MAOs. Settlement Compl. ¶ 50; No-Fault Compl. ¶ 59.

### 2. First Amended Complaints

On May 28 and 30, 2017, Magistrate Judge Paul L. Abrams entered a protective order in each case. On May 31, 2017, plaintiffs sent a letter to defendants disclosing the identities of the representative MAO assignors and Medicare beneficiaries in both cases. On June 30, 2017, defendants filed motions to dismiss the complaints. On July 7, 2017, plaintiffs voluntarily amended their complaints as a matter of right, thereby rendering the motions to dismiss moot. See No. 2:17-cv-02559, Dkt. 38 ("SFAC"); No. 2:17-cv-02522, Dkt. 36 ("NFFAC"). The FACs removed Farmers Group Inc. d/b/a Farmers Underwriters Association and added the following defendants: Farmers Insurance Company of Arizona, Farmers Insurance Company of Idaho, Farmers Insurance Company of Oregon, Farmers Insurance Company of Washington, Farmers Insurance Company of Columbus, Inc., Farmers New Century Insurance Company, Farmers Texas Mutual Insurance Company, Illinois Farmers Insurance Company, and Texas Farmers Insurance Company. Id.

The FACs included additional factual allegations regarding the representative claims. In the No-Fault Case, the FAC alleges that two Florida residents, V.C. and S.H.F., were receiving Medicare benefits from unidentified MAOs whose MSP recovery rights had been assigned to plaintiffs. NFFAC ¶ 67. V.C. and S.H.F. were both involved in automobile accidents that required medical services "arising out of the use, maintenance, and/or operation of a motor vehicle." Id. At the time of their respective

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case Nos. | 2:17-cv-02522-CAS(PLAx) <br> 2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

accidents, V.C. and S.H.F. also carried Personal Injury Protection ("PIP") policies issued by defendants, which required payment of medical expenses up to a $10,000 policy limit. Id. However, defendants did not pay or reimburse the MAO for those expenses and did not challenge the MAO's payment of those medical expenses within the required time frame. Id.

In the Settlement Case, the FAC in included allegations regarding M.C. and C.N., two Florida residents who were injured in accidents by individuals covered by insurance policies issued by defendants. SFAC ¶ 63. The medical expenses of M.C. and C.N. were subsequently paid by an MAO whose MSP recovery rights have been assigned to plaintiffs. Id. Following M.C. and C.N.'s claims against defendants' insureds, defendants indemnified its insured tortfeasors and made payments pursuant to a settlement of M.C. and C.N.'s claims. Id. However, defendants did not pay or reimburse the MAO assignor for the medical expenses within the requisite time frame as required by a primary payer, nor did they challenge the MAO's payment of those medical expenses within the required time frame. Id.

In both cases, plaintiffs seek to certify classes of "[a]ll non-governmental organizations, and/or their assignees that provide benefits under Medicare Part C, in the United States of America and its territories" who made payments for their enrollees' medical expenses that were not reimbursed by defendants. NFFAC ¶ 68; SFAC ¶ 64. However, plaintiffs did not identify in their complaints the identity of the MAO assignors or the specific defendants that were allegedly responsible for the primary payments.

### 3. Second Amended Complaints

On November 20, 2018, the Court granted defendants' motions to dismiss the FACs for lack of standing with leave to amend. No. 17-2559, dkt. 75; No. 17-2522, dkt. 76 ("Order"). On December 11, 2017, plaintiffs filed SACs in both cases. No. 17-2559, dkt. 77 ("SSAC"); No. 17-2522, dkt. 78 ("NFSAC"). The SACs substitute one of the original named plaintiffs, MSP Recovery, LLC, with another entity: MSP Recovery Claims, Series LLC. SSAC ¶ 42; NFSAC ¶ 45. The SACs also allege claims against an additional defendant: the 21st Century Insurance Company. SSAC ¶ 56; NFSAC ¶ 59.

Each SAC includes 38 pages listing and briefly describing assignment agreements between plaintiffs and 78 different MAOs, Health Maintenance Organizations ("HMOs"), Management Service Organizations ("MSOs"), and Independent Physician

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx) <br> 2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

Associations ("IPAs"). See SSAC ¶¶ 58–138; NFSAC ¶¶ 61–141. The SACs allege that each agreement assigned:

> all legal rights of recovery and reimbursement for health care services and Medicare benefits provided by health care organizations that administer Medicare benefits for beneficiaries under Medicare Part C; whether said rights arise from (i) contractual agreements, such as participation and network agreements with capitation and risk sharing arrangements, and/or (ii) state and federal laws that provide for the reimbursement of conditional payments made by the assignor health plans, including the right to recover claims for health care services billed on a fee-for-service basis.

SSAC ¶ 60; NFSAC ¶ 63. However, plaintiffs redacted the names of the MAOs, HMOs, MSOs, and IPAs in addition to the dates of the assignments and the state law governing each assignment. Plaintiffs did not request leave to file the SACs under seal as required by Local Rule 79–5.

### 4. Jurisdictional Discovery

On February 26, 2018, the Court heard oral argument on defendants' instant motions to strike or, in the alternative, dismiss the SACs. At the hearing, defendants argued that the SACs should be dismissed for lack of standing because the four representative claims involving V.C., S.H.F., M.C. and C.N. do not involve insurance policies issued by any of the named defendants. Plaintiffs indicated that they have data regarding hundreds prospective claims based on information disclosed by various Farmers entities to third-party insurance claims databases. However, because some entities listed in the databases were disclosed generically, i.e. "Farmers Insurance Exchange," "Farmers Insurance Group," or just "Farmers," plaintiffs contend it is impossible to determine which specific Farmers entity is responsible for the insured in each case. Plaintiffs include similar allegations in the SACs. See SSAC ¶ 147–50; NFSAC ¶ 151–54.

The Court took the motions under submission and directed the parties to engage in limited jurisdictional discovery to determine which Farmers entities should be named as defendants in these actions. See No. 17-2559, dkt. 89; No. 17-2522, dkt. 89. In particular, the Court direct plaintiffs to provide a list of prospective claims to defendants including the names of the specific MAO assignors, identifying information regarding the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case Nos. | 2:17-cv-02522-CAS(PLAx)<br>2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

relevant Medicare beneficiaries, in addition to copies of the relevant assignment agreements. Id. at 2. The Court ordered defendants to respond by indicating whether each Medicare beneficiary listed in plaintiffs' submission was either insured by or entered into a settlement agreement with an individual insured by an entity within the Farmers Insurance Group of Companies; and, if so, identify which specific Farmers entity issued the relevant insurance policy. Id.

On April 24, 2018, the parties filed a joint statement regarding the status of jurisdictional discovery. See No. 17-2559, dkt. 93; No. 17-2522, dkt. 93 ("Joint Statement"). The parties indicate that on March 5, 2018, plaintiffs provided defendants with a list of 731 individuals associated with prospective claims against a Farmers entity and 149 assignment agreements. Id. at 2, 15. However, plaintiffs did not identify which claim was associated with which underlying assignor. Id. at 3, 15. On April 4, 2018, plaintiffs provided an updated list identifying the underlying assignors for 515 claims but indicated that they were still investigating the 217 remaining claims. Id. In response, on April 19, 2018, for each of the 515 claims for which plaintiffs identified the assignor, defendants identified the names of specific Farmers entities that issued the corresponding insurance policies. Id. On April 30, 2018, the parties appeared for a status conference. The Court indicated that it would rule on the pending motions.

## III. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion pursuant to Rule 12(b)(1) tests whether the court has subject matter jurisdiction to hear the claims alleged in the complaint. Article III standing is a threshold jurisdictional matter and must be established before proceeding to the merits. See Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007) (en banc). To satisfy the "irreducible constitutional minimum" of Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, ––– U.S. –––, 136 S.Ct. 1540, 1547 (2016) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). Generally, a plaintiff may only bring a claim on his own behalf and may not raise claims based on the rights of another party. Pony v. Cty. of Los Angeles, 433 F.3d 1138, 1145 (9th Cir. 2006). However, "the assignee of a claim has standing to assert the injury in fact suffered by the assignor." Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 773 (2000). Thus, "the assignee stands

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx)<br>2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

in the shoes of the assignor, and, if the assignment is valid, has standing to assert whatever rights the assignor possessed." Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc., 770 F.3d 1282, 1291 (9th Cir. 2014).

A Rule 12(b)(1) motion may be either facial, where the inquiry is limited to the allegations in the complaint, or factual, where the court may look beyond the complaint to consider extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). Here, defendants make a facial attack on the sufficiency of the allegations in the SACs. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (in a facial attack under Rule 12(b)(1), "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."). A district court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing the elements of Article III standing, and at the pleading stage, must "'clearly allege . . . facts demonstrating' each element." Spokeo, 136 S.Ct. at 1547 (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975)); see also Baker v. United States, 722 F.2d 517, 518 (9th Cir. 1983) ("The facts to show standing must be clearly apparent on the face of the complaint.").

### B.  Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx)<br>2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## IV. DISCUSSION

Defendants raise four arguments in their renewed motions to dismiss. First, defendants move to strike the SACs for failure to comply with Local Rule 79–5. Second, defendants move to dismiss the SACs pursuant to Rule 12(b)(1) for lack of standing. Third, defendants move to dismiss the SACs pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Finally, defendants move to dismiss or strike the class allegations in the SACs. The Court addresses each argument below.

### A. Motions to Strike the SACs

Defendants argue that the SACs should be stricken because plaintiffs never sought permission to file redacted pleadings and never filed un-redacted versions under seal in violation of Local Rule 79–5.² Mot. at 10. In response to the motions to strike, plaintiffs

---

² Local Rule 79–5.2.2 provides that "[i]n a non-sealed civil case, no document may be filed under seal without prior approval by the Court." A party seeking to file a document under seal must file an application with the Court including (1) a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard, and informing the Court whether anyone opposes the application; (2) a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx)<br>2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

filed un-redacted versions of the SACs as exhibits to their opposition brief. Opp'n, Exs. 2 & 3. These un-redacted SACs identify the 78 MAOs, HMOs, MSOs, and IPAs who allegedly assigned their MSP recovery rights to plaintiffs through a series of agreements executed between 2015 and 2017. Plaintiffs maintain that these exhibits moot the Local Rule 79–5 compliance issue. Opp'n at 5. Although the Court declines to strike the SACs for failure to comply with Local Rule 79–5, plaintiffs are admonished that they are required to comply with all local rules, and failure to do so may result in rejection of their pleadings.

    **B.**    **Motions to Dismiss for Lack of Standing**

Defendants assert that plaintiffs have failed to cure the pleading deficiencies identified by the Court in its November 20, 2017 order dismissing the FACs for lack of standing. Mot. at 3. Specifically, defendants contend that the SACs "continue to fail to trace any individual assignor's injury to any single defendant or to demonstrate valid assignments." Id. Defendants also continue to argue that plaintiffs fail to allege facts sufficient to show a "concrete" and "particularized" injury was suffered by any MAO assignor. Id. at 12. These arguments raise three distinct standing issues addressed in the Court's prior order: (1) whether plaintiffs allege sufficient facts to demonstrate that the MAO assignors suffered an injury in fact; (2) whether plaintiffs sufficiently allege that the MAOs validly assigned their MSP recovery rights to plaintiffs; and (3) whether plaintiffs allege sufficient facts to satisfy Article III's traceability requirement in this multidefendant class action. The Court addresses each issue in turn.

    **1.**    **Injury in Fact**

Defendants argue that in order to satisfy the "injury in fact" requirement, plaintiffs must plead detailed facts showing that the MAOs were entitled to reimbursement under the MSP. Mot. at 12. Specifically, defendants contend plaintiffs must allege that: (1) a medical bill was sent to the defendant for treatment of an insured who was also a Medicare enrollee; (2) the treatment was reasonable and necessary in relation to the alleged accident; (3) there was appropriate coverage under that defendant's insurance

---

proposed order, and (3) both redacted and un-redacted versions of the document proposed to be filed under seal. See C.D. Cal. L.R. 79–5.2.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case Nos. | 2:17-cv-02522-CAS(PLAx)<br>2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

policy for the specified claim which had not been exhausted, (4) the defendant did not pay the bill; and (5) the MAO paid the bill. Id.

As discussed in further detail below, the Court previously found that the FACs failed to adequately allege standing because plaintiffs (1) failed to allege facts showing valid assignments, and (2) failed to trace any MAO assignor's injury to any defendant. Order at 11–12. However, the Court noted, as a general matter, that "plaintiffs need only allege facts demonstrating that the MAOs 'incurred reimbursable costs and were not reimbursed'" in order to demonstrate that the MAOs suffered an injury in fact pursuant to the MSP. Id. at 12 (quoting MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc. ("Boehringer"), 281 F. Supp. 3d 1278, 1283 (S.D. Fla. 2017)). The Court reviewed the representative facts regarding V.C., S.H.F., M.C., and C.N. and found them "generally sufficient" to demonstrate that some unidentified MAO assignor suffered economic injury. Id. at 13 (citing Boehringer, 281 F. Supp. 3d at 1282–83 (plaintiffs demonstrated that MAOs suffered injury by alleging that (1) the MAOs' enrollees suffered injuries, and the MAOs paid for treatment of those injuries; (2) the enrollees entered into settlement agreements with defendants; and (3) defendants had not reimbursed the MAOs for the cost of the enrollees' treatment)); accord MAO-MSO Recovery II, LLC v. Gov't Emps. Ins. Co. ("GEICO"), No. PWG-17-711, 2018 WL 999920, at *6 (D. Md. Feb. 21, 2018) (finding that plaintiffs "sufficiently pleaded injury in fact by alleging that the MAOs incurred costs covering their beneficiaries' medical expenses under circumstances in which GEICO was obligated to reimburse the MAOs but failed to do so.") Thus, the facts alleged in the SACs remain sufficient to show that one or more unidentified MAO assignors suffered an injury in fact.

### 2. Validity of the Assignments

Defendants contend that the SACs remain deficient because they fail to "demonstrate valid assignments." Mot. at 3. Following MAO-MSO Recovery II, LLC v. Mercury Gen., No. CV 17-2557-AB (FFMX), 2017 WL 5086293, at *5 (C.D. Cal. Nov. 2, 2017) and Boehringer, 281 F. Supp. 3d at 1283, the Court previously concluded that the FACs "failed to allege sufficient facts demonstrating valid assignments by the MAOs." Order at 12. Specifically, the Court found that the FACs failed to allege "the identity of the MAOs whose reimbursement rights they claim to own, the dates of the assignments, or the essential terms." Id. at 12. At least three district courts have subsequently concluded that nearly identical assignment allegations by plaintiffs were too

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case Nos. | 2:17-cv-02522-CAS(PLAx) <br> 2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
|---|---|---|---|
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

conclusory to demonstrate standing. See MAO-MSO Recovery II, LLC v. Am. Fam. Mutual Ins. Co. ("American Family Insurance"), No. 3:17-cv-00175-JDP (W.D. Wis.), 2018 WL 835160, at *5 (W.D. Wis. Feb. 12, 2018); MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co., No. 1:17-cv-01541-JBM-JEH, 2018 WL 340021, at *3 (C.D. Ill. Jan. 9, 2018); MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co., No. 17-20946-CIV, 2018 WL 295527, at *4 (S.D. Fla. Jan. 3, 2018); but see GEICO, 2018 WL 999920, at *7 (finding plaintiffs' assignment allegations sufficient for the purposes of initial pleading but noting that plaintiffs are "expected to expedite production of the assignments before they may seek discovery").

Plaintiffs sought to cure this deficiency by including nearly 40 pages of redacted paragraphs in their SACs describing various assignment agreements between plaintiffs and 78 different MAOs, HMOs, MSOs, and IPAs. See SSAC ¶¶ 58–138; NFSAC ¶¶ 61–141. The SACs further allege that these agreements assigned "all legal rights of recovery and reimbursement for health care services and Medicare benefits provided by health care organizations that administer Medicare benefits for beneficiaries under Medicare Part C" whether these recovery rights "arise from (i) contractual agreements, such as participation and network agreements with capitation and risk sharing arrangements, and/or (ii) state and federal laws that provide for the reimbursement of conditional payments made by the assignor health plans, including the right to recover claims for health care services billed on a fee-for-service basis." SSAC ¶ 60; NFSAC ¶ 63.

The Court finds that the un-redacted SACs filed as exhibits to plaintiffs' opposition are sufficient to cure the deficiencies outlined in the Court's prior Order because the pleadings identify the alleged assignors and the dates of the assignments. See Opp'n, Exs. 2 & 3. Moreover, both the redacted and un-redacted versions describe the essential terms of the assignment agreements—namely, that the MAOs, HMOs, MSOs, and IPAs have assigned "all legal rights of recovery and reimbursement for health care services and Medicare benefits" to the respective plaintiffs. SSAC ¶ 60; NFSAC ¶ 63. Accordingly, the unredacted SACs sufficiently allege that the MAOs, HMOs, MSOs, and IPAs validly assigned their MSP recovery rights to plaintiffs. See Opp'n, Exs. 2 & 3.

### 3.    Traceability in Multidefendant Class Actions

Finally, defendants argue that plaintiffs fail to allege they have standing to sue all 12 defendants because the "78 redacted assignment paragraphs, the un-redacted assignments and the [four] 'representative claims,' make no connections between any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx) <br> 2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

specific assignor with any specific claim and any specific defendant." Mot. at 12. As the Court previously noted, one of the elements of standing is "traceability, i.e., a causal connection between the injury and the actions" about which a plaintiff complains. Easter v. American West Financial, 381 F.3d 948, 961–62 (9th Cir. 2004). "In multidefendant class actions, the named plaintiffs must show that each defendant has harmed at least one of them." William B. Rubenstein, Newberg on Class Actions § 2:5 (5th ed. 2017). As the district court in Henry v. Circus Circus Casinos, Inc. explained:

> [T]o establish Article III standing in a class action, at least one named plaintiff must have standing in his own right to assert a claim against each named defendant before he may purport to represent a class claim against that defendant. This is not to say that each named plaintiff must have a claim against each named defendant . . . . Rather, what is required is that for every named defendant there be at least one named plaintiff who can assert a claim directly against that defendant.

223 F.R.D. 541, 544 (D. Nev. 2004); see also In re Carrier IQ, Inc., 78 F. Supp. 3d 1051, 1068–69 (N.D. Cal. 2015) ("[F]or a class action to proceed between the named parties, each named plaintiff must have standing to sue at least one named defendant; to hold each defendant in the case, there must be at least one named plaintiff with standing to sue said defendant.") (citing Easter, 381 F.3d at 961–62).

In dismissing the FACs for lack of standing, the Court noted that the "fundamental flaw with plaintiffs' pleadings is that there are no factual allegations tracing any individual assignor MAO's injury to any single defendant. The representative facts regarding four individuals in Florida do not identify which MAOs are involved, and include only blanket allegations against all defendants." Order at 11; accord American Family Insurance, 2018 WL 835160, at *5. In an effort to cure this defect, plaintiffs allege in the SACs that they have data regarding 300 prospective claims gleaned from third-party databases. SSAC ¶ 148; NFSAC ¶ 152. However, because many of the entities in the databases are disclosed generically, i.e., "Farmers," it is impossible to know which Farmers entity is responsible for the insured. SSAC ¶ 147; NFSAC ¶ 151. Plaintiffs allege it is impossible to determine which named defendant issued the relevant policies absent some discovery. SSAC ¶ 150; NFSAC ¶ 154. Plaintiffs nevertheless contend they have satisfied their burden at the pleading stage to show standing because the factual allegations, when viewed in a light most favorable to plaintiffs, raise a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case Nos. | 2:17-cv-02522-CAS(PLAx) | Date | May 7, 2018 |
|---|---|---|---|
| | 2:17-cv-02559-CAS(PLAx) | | |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

"plausible inference" that at least one plaintiff has suffered an injury caused by each defendant. Opp'n at 7.

However, it is a "long-settled principle that standing cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record." FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (plurality opinion) (citations and quotation marks omitted). The operative SACs therefore remain deficient because there is nothing in the pleadings tying any claim by one or more of the MAO assignors to any specific named defendant. Recognizing the difficulty faced by plaintiffs in seeking to identify the proper defendants, Court ordered limited jurisdictional discovery. Now, following the parties' exchange of insurance claims data, plaintiffs seek leave to amend to (1) voluntarily dismiss, without prejudice, plaintiff MAO-MSO Recovery II, LLC from both complaints, (2) voluntarily dismiss, without prejudice, eight of the specific named defendants in the No-Fault Case and six of the defendants in the Settlement Case, and (3) add 14 new defendants to an amended complaint in the No-Fault Case and 12 new defendants in the Settlement Case based on the information provided by defendants. Joint Statement at 6–7.

The Court will accordingly grant defendants' motions to dismiss the operative SACs for lack of standing but allow plaintiffs leave to amend in order to assert claims against the appropriate defendants. Plaintiffs' amended complaints should include allegations sufficient to demonstrate "that for every named defendant there [is] at least one named plaintiff who can assert a claim directly against that defendant." Henry, 223 F.R.D. at 544. Plaintiffs are not required to include detailed factual allegations regarding individual "representative" claims for each named defendant so long as plaintiffs allege that they are the assignees of an MAO which has been damaged by one of the named defendant insurance companies. Any extraneous allegations regarding assignment agreements that are no longer at issue should be removed; and any requested redactions must be made only with leave of court in compliance with Local Rule 79–5.

### C. Motions to Dismiss for Failure to State a Claim

Although the Court will dismiss the operative SACs for lack of standing, the Court nevertheless considers it prudent to address the merits of defendants' motions to dismiss pursuant Rule 12(b)(6) for failure to state a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx)<br>2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

Although the Ninth Circuit has yet to define the elements of a claim pursuant to the MSP private cause of action, 42 U.S.C. § 1395y(b)(3)(A), in Humana Med. Plan, Inc. v. W. Heritage Ins. Co., the Eleventh Circuit held that "a plaintiff is entitled to summary judgment on a § 1395y(b)(3)(A) claim when there is no genuine issue of material fact regarding (1) the defendant's status as a primary plan; (2) the defendant's failure to provide for primary payment or appropriate reimbursement; and (3) the damages amount." 832 F.3d 1229, 1239 (11th Cir. 2016). District courts have also concluded that "there are three elements of the MSP's private cause of action: (1) a primary plan, (2) that is responsible to pay for an item or service, and (3) that failed to make the appropriate payment to Medicare for the item or service." Glover v. Philip Morris USA, 380 F. Supp. 2d 1279, 1290 (M.D. Fla. 2005), aff'd sub nom. Glover v. Liggett Grp., Inc., 459 F.3d 1304 (11th Cir. 2006); accord O'Connor v. Mayor of Baltimore, 494 F. Supp. 2d 372, 374 (D. Md. 2007); GEICO, 2018 WL 999920, at *9.

Defendant argues that in order to satisfy these three elements, plaintiffs need to allege facts demonstrating that: (1) a bill was sent to a defendant for medical treatment of an insured; (2) there was coverage for the medical treatment under a policy issued by that defendant; (3) the defendant should have paid the bill but did not; (4) one of plaintiffs' assignors paid the bill instead; (5) the assignment covers the right to sue for reimbursement; and (6) a plaintiff or its assignor demanded reimbursement, which was disregarded by the defendant, such that the defendant may be penalized by double damages. Mot. at 18. Defendants maintain that SACs fail to allege "any specific non-payment of any bill," and the representative claims consist of mere "conclusions and formulaic recitation of the elements of the cause of action," which "are insufficient to survive a Rule 12(b)(6) motion to dismiss." Id. at 18–19. Defendants further argue that because CMS regulations provide that MAOs have a responsibility to identify primary payers and coordinate their benefits, see 42 C.F.R. § 422.108, and the SACs do not allege that the MAO assignors made efforts to comply with this regulation, plaintiffs therefore fail to state a claim. Id. at 19.

Regardless of the standing deficiencies in the SACs, the Court finds that, as a general matter, the representative claims regarding V.C., S.H.F., M.C., and C.N. include sufficient factual allegations to state claims for relief pursuant to § 1395y(b)(3)(A). See GEICO, 2018 WL 999920, at *12 (finding similar factual allegations sufficient for the court to draw a reasonable inference that "the MAOs made payments of medical supplies and services that GEICO, as the primary payer, was obligated to cover; that GEICO made

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx) <br> 2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

payments on behalf of its insureds pursuant to settlement agreements; and that GEICO failed to pay or reimburse the MAOs."). First, in the Settlement Case, plaintiffs allege that defendants were primary payers because they entered into settlement agreements with M.C. and C.N., who were injured in automobile accidents with tortfeasors insured by defendants. SFAC ¶ 63. In the No-Fault Case, plaintiffs allege that defendants were primary payers because they issued PIP policies to V.C. and S.H.F. NFFAC ¶ 67. Defendants do not dispute that such settlement agreements or issuance of no-fault insurance policies can render an insurer a primary plan under the MSP. Second, plaintiffs allege that defendants failed to make primary payments or reimburse the MAO assignors for the medical expenses of V.C., S.H.F., M.C., and C.N. SFAC ¶ 63; NFFAC ¶ 67. Third, plaintiffs allege that the MAO assignors paid for the medical expenses and therefore incurred damages. See id. The Court disagrees that plaintiffs must plead their claims with the level of factual granularity demanded by defendants. Moreover, there is no indication that CMS regulations requiring MAOs to identify primary payers and coordinate their benefits imposes a prerequisite to asserting a cause of action pursuant to § 1395y(b)(3)(A).

Accordingly, the Court finds that plaintiffs have alleged facts sufficient to state a claim pursuant to the MSP private right of action, 42 U.S.C. § 1395y(b)(3)(A).

### D. Motions to Strike or Dismiss the Class Allegations

Defendants also move to strike or dismiss plaintiffs' class allegations on the ground that individualized issues would make class treatment impossible. Mot. at 21–24. The Court recognizes that there is no *per se* rule forbidding defendants from filing a preemptive motion to deny certification before plaintiffs have filed their motions for class certification. See Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 939–40 (9th Cir. 2009). Nevertheless, the Court concludes that defendants' motions are premature given that discovery is in its early stages, no Rule 16 conference has occurred, and plaintiffs have not filed motions for class certification. See In re Wal–Mart Stores, Inc. Wage and Hour Litigation, 505 F.Supp.2d 609, 614–16 (N.D. Cal. 2007) (holding that Wal–Mart's motions to dismiss or strike class allegations were premature where "Wal–Mart has not answered in this case, discovery has not yet commenced, and no motion for class certification has been filed.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case Nos. | 2:17-cv-02522-CAS(PLAx)<br>2:17-cv-02559-CAS(PLAx) | Date | May 7, 2018 |
|---|---|---|---|
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

## V.   CONCLUSION

In accordance with the foregoing, the SACs are hereby **DISMISSED WITHOUT PREJUDICE**.  Plaintiffs shall have twenty-one (21) days from the date of this order to file amended complaints.  Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |