UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

Not Present                                                    Not Present

**Proceedings:**  (IN CHAMBERS) - DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND SEPARATE MISJOINED DEFENDANTS in Case No. 2:17-cv-2522 (Dkt. 140, filed July 9, 2018)

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND SEPARATE MISJOINED DEFENDANTS in Case No. 2:17-cv-2559 (Dkt. 133, filed July 9, 2018)

## I. INTRODUCTION

Plaintiffs MSP Recovery Claims, Series LLC and MSPA Claims I, LLC bring these two putative class actions against various corporate entities within the Farmers Insurance Group of Companies (collectively, "defendants"). Both cases arise out of defendants' alleged failure to reimburse Medicare Advantage Organizations ("MAOs") for medical expenses incurred treating Medicare beneficiaries injured in automobile accidents. Plaintiffs allege they are the assignees of numerous MAOs and related "first tier" and "downstream" entities and seek to recover double damages pursuant to the Medicare Secondary Payer ("MSP") provisions of the Medicare Act. 42 U.S.C. § 1395y(b) et seq. Plaintiffs have filed numerous similar class actions against other insurance companies throughout the country. See MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co., No. 17-22539-CIV, 2018 WL 3654779, at *1 n. 2 (S.D. Fla. Aug. 1, 2018) (collecting cases).

In Case No. 2:17-cv-02522, the "No-Fault Case," plaintiffs allege that defendants have reimbursement obligations because they issued no-fault insurance policies to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|---|---|---|---|
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

Medicare beneficiaries injured in automobile accidents.[1]  In Case No. 2:17-cv-02559, the "Settlement Case," plaintiffs allege that defendants have a duty to reimburse the MAOs because defendants indemnified their insureds and made settlement payments to injured Medicare beneficiaries.[2]

On July 9, 2018, defendants filed the above-captioned motions to dismiss the operative third amended complaints ("TACs") and to sever the claims on the ground that defendants were misjoined.  No. 17-2522, dkt. 140 ("No-Fault Mot."); No. 17-2559, dkt. 133 ("Settlement Mot.").[3]  On July 20, 2018, plaintiffs filed oppositions.  No. 17-2522, dkt. 141 ("No-Fault Opp'n"); No. 17-2559, dkt. 134 ("Settlement Opp'n").  On July 27, 2018, defendants filed replies.  No. 17-2522, dkt. 142 ("No-Fault Reply"); No. 17-2559,

---

[1] The following 17 defendants are named in the No-Fault Case: Farmers Insurance Exchange, Farmers Insurance Company of Columbus, Inc., Illinois Farmers Insurance Company, 21st Century Insurance Company, Security National Insurance Co., 21st Century Centennial Insurance Co., Bristol West Preferred Insurance Co., Mid-Century Insurance Company, Foremost Property and Casualty Company, 21st Century Premier Insurance Co., Bristol West Insurance Co., 21st Century North America Insurance Co., 21st Century Indemnity Insurance Company, 21st Century Preferred Insurance Company, Fire Insurance Exchange, Foremost Signature Insurance Company, Farmers New Century Insurance Company.  No. 17-2522, dkt. 98 ("No-Fault TAC").

[2] The following 14 defendants are named in Settlement Case:  Farmers Insurance Exchange, Farmers Insurance Company of Arizona, Farmers Insurance Company of Columbus, Inc., Farmers New Century Insurance Company, 21st Century Insurance Company, Security National Insurance Company, 21st Century Centennial Insurance Company, Mid-Century Insurance Company, 21st Century North America Insurance Company, 21st Century Indemnity Insurance Company, 21st Century Preferred Insurance Company, Foremost Signature Insurance Company, Coast National Insurance Company, and Farmers Insurance Company Grand Rapids, Michigan. No. 17-2559, dkt. 98 ("Settlement TAC").

[3] On July 3, 2018, defendants filed individual motions for each defendant.  See No. 17-2522, dkts. 104–121; No. 17-2559, dkts. 103–116.  The Court struck these pleadings and ordered defendants to file consolidated motions in each case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

dkt. 135 ("Settlement Reply"). The Court held a hearing on August 6, 2018. Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

### A.   Statutory Framework

Congress enacted the Medicare Act in 1965 to establish a health insurance program for the elderly and disabled. In 1980, Congress added the MSP provisions to the Medicare Act in an effort to contain rising costs. Zinman v. Shalala, 67 F.3d 841, 843 (9th Cir. 1995). Prior to the MSP's passage, Medicare often acted as a primary insurer, that is, Medicare paid for its beneficiaries' medical expenses even if there was overlapping insurance coverage or when a third party had an obligation to pay for the expenses. The MSP makes Medicare a "secondary payer" and shifts responsibility for medical payments to other group health plans, workers' compensation, as well as no-fault and liability insurers, which are considered "primary plans." 42 U.S.C. § 1395y(b)(2). The MSP prohibits Medicare from paying for items or services if "payment has been made or can reasonably be expected to be made" by a primary payer. Id. § 1395y(b)(2)(A)(ii).

If a primary payer "has not made or cannot reasonably be expected to make payment with respect to the item or service promptly," Medicare is authorized to make a "conditional payment." Id. § 1395y(b)(2)(B)(i). However, since Medicare remains the secondary payer, the primary payer must then reimburse Medicare for all conditional payments "if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service." Id. § 1395y(b)(2)(B)(ii). This responsibility may be demonstrated by "a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." Id.

To facilitate recovery of these conditional payments, the MSP provides for a right of action by the United States, for double damages, against "any or all entities that are or were required or responsible" to make payment. Id. § 1395y(b)(2)(B)(iii). In addition to the right of action by the United States, Congress in 1986 established "a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|---|---|---|---|
|  | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

reimbursement)." 42 U.S.C. § 1395y(b)(3)(A)).  "The private cause of action allows Medicare beneficiaries and healthcare providers to recover medical expenses from primary plans." Parra v. PacifiCare of Arizona, Inc., 715 F.3d 1146, 1152 (9th Cir. 2013).

In 1997, Congress enacted Medicare Part C, now known as the Medicare Advantage ("MA") program.  42 U.S.C. §§ 1395w–21 to w–28.  Part C allows eligible participants to opt out of traditional Medicare and instead obtain benefits through MA Plans administered by MAOs, which are private insurers that operate under contract with the Centers for Medicare & Medicaid Services ("CMS") and receive a fixed payment for each enrollee.  If the cost of providing benefits to these enrollees exceeds the fixed payment, the MAO bears the loss.  However, if the cost of care is less than the fixed payment, the MAO keeps the difference as profit.  MAOs are thus incentivized to provide services more efficiently than traditional fee-for-service Medicare.  See H.R. Rep. No. 105–149, at 1251 (1997) (Part C is intended to "allow beneficiaries to have access to a wide array of private health plan choices in addition to traditional fee-for-service Medicare. . . . [and] enable the Medicare program to utilize innovations that have helped the private market contain costs and expand health care delivery options.")

Part C also includes a secondary payer provision that authorizes a MAO to charge a primary payer for medical expenses paid on behalf on an enrollee.  See 42 U.S.C. § 1395w–22(a)(4).  Although the statute does not expressly state that a MAO can avail itself of the MSP private cause of action at § 1395y(b)(3)(A), CMS regulations state that an "[MAO] will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations in subparts B through D of part 411 of this chapter."  42 C.F.R. § 422.108(f).  In addition, both the Eleventh and Third Circuits have held that a MAO may assert claims under the MSP private cause of action in order to recover conditional payments it made on behalf of its enrollees.  See MSP Recovery, LLC v. Allstate Ins. Co., 835 F.3d 1351, 1361 (11th Cir. 2016); In re Avandia Mktg., Sales Practices, & Prods. Liab. Litig., 685 F.3d 353, 367 (3d Cir. 2012).

## B.    Factual Allegations

Plaintiffs allege they are the assignees of numerous MAOs and related "first tier" and "downstream" entities such as Management Services Organizations ("MSOs") and Independent Practice Associations ("IPAs") that deliver Medicare benefits under MA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

Plans.[4]  No-Fault TAC ¶¶ 65–67; Settlement TAC ¶¶ 59–61.  These entities include Fallon Community Health Plan; Plum Healthcare Group, LLC; SummaCare, Inc.; Verimed IPA, LLC; MCCI Group Holdings, LLC; Health Advisors Services, Inc.; Professional Health Choice; Reliance ACO, LLC; Florida Health Care Plus, Inc.; Emblem Health Services Company, LLC; Health Insurance Plan of Greater New York; Group Health, Inc.; and Connecticare, Inc.  Pursuant to a series of assignment agreements described in the TACs, these entities have allegedly assigned plaintiffs: "all legal rights of recovery and reimbursement for health care services and Medicare benefits provided by health care organizations that administer Medicare benefits for beneficiaries under Medicare."  No-Fault TAC ¶¶ 46, 73–85; Settlement TAC ¶¶ 43, 68–78.

In the No-Fault Case, plaintiffs allege that numerous Medicare beneficiaries injured in automobile accidents were both enrolled in MA Plans administered by MAOs and carried no-fault insurance policies issued by defendants that provided coverage for medical expenses related to injuries sustained in those automobile accidents.  Plaintiffs allege that defendants were required under the MSP to make primary payment for the beneficiaries' medical expenses but failed to pay for those expenses or reimburse the MAOs.  See No-Fault TAC ¶¶ 105–08.  For each named defendant alleged to be a primary payer based on its status as a no-fault liability insurer, plaintiffs allege representative facts identifying a specific Medicare beneficiary who was injured in an automobile accident and the specific assignor who paid for or provided medical items and services in connection with that beneficiary's medical treatment.  Id. ¶¶ 86–104. Plaintiffs, on behalf of their assignees and a putative class of similarly-situated entities, assert (1) a private cause of action under § 1395y(b)(3)(A) seeking double damages and (2) breach of contract by way of subrogation under 42 C.F.R. § 411.24(e).

---

[4] MSOs are organizations owned by a group of physicians, a physician–hospital joint venture, or investors in conjunction with physicians.  MSOs provide practice management and administrative support services to individual physicians and group practices. An IPA is an association of independent physicians, or other organization that contracts with independent physicians, and provides services to managed care organizations.  No-Fault TAC at 18–19 n. 12. These "first-tier" or "downstream" entities contract with MAOs to provide certain services for Medicare beneficiaries.  See 42 C.F.R. § 422.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|-----------|--------------------------|------|-----------------|
|           | 2:17-cv-02559-CAS (PLAx) |      |                 |
| Title     | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

In the Settlement Case, plaintiffs allege that numerous Medicare beneficiaries, who were enrolled in MA Plans administered by MAOs, suffered injuries in automobile accidents and received treatment paid for by the MAOs. Plaintiffs allege that defendants had a primary responsibility to pay for these medical expenses pursuant to the MSP based on settlement agreements between tortfeasors insured and indemnified by defendants and the injured Medicare beneficiaries, but failed to reimburse the MAOs for such expenses. Settlement TAC ¶¶ 94–95. As in the No-Fault Case, plaintiffs allege representative facts with respect to each named defendant alleged to be a primary payer based on the settlement agreements and identify both a specific Medicare beneficiary who was injured and the specific assignor who paid for or provided medical items and services in connection with that beneficiary's medical treatment. Id. ¶¶ 79–93. Plaintiffs, on behalf of their assignees and a putative class of similarly-situated entities, assert a private cause of action under § 1395y(b)(3)(A) against the defendants and seek double damages.

**C.     Procedural History**

On March 31 and April 3, 2017, plaintiff MSPA Claims 1, LLC and two entities that are no longer parties to these actions (MAO–MSO Recovery II, LLC and MSP Recovery, LLC) filed the respective Settlement and No-Fault complaints in these cases, naming the Farmers Insurance Exchange and the Farmers Group, Inc. d/b/a Farmers Underwriters Association as defendants. No. 17-2559, dkt. 1; No. 17-2522, dkt. 1. After defendants filed motions to dismiss the complaints on June 30, 2017, plaintiffs amended their complaints as a matter of right, thereby rendering the motions to dismiss moot. See No. 17-2522, dkt. 36; No. 17-2559, dkt. 39 ("FACs"). Based on representations by defense counsel that Farmers Group, Inc. does not write automobile insurance policies, plaintiffs removed that defendant and added numerous Farmers entities including many of those included in the operative TACs.

On September 6, 2017, defendants moved to dismiss the FACs for lack of standing and failure to state a claim upon which relief can be granted. No. 17–2559, dkt. 53; No. 17–2522, dkt. 54. The Court granted the motions on November 20, 2017. No. 17-2559, dkt. 75; No. 17-2522, dkt. 76. Although the FACs generally alleged that plaintiffs had valid assignment agreements with numerous MAOs, plaintiffs had failed to allege the identity of the assignors or the essential terms of the assignment agreements. The Court concluded that the FACs lacked sufficient factual allegations to demonstrate that the assignment agreements were valid. Id. at 7. In addition, although the FACs included

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|---|---|---|---|
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

representative allegations regarding four Medicare beneficiaries, plaintiffs did not identify which assignors were involved and failed to trace any injury suffered by the assignors to the conduct of any single defendant. Rather the FACs included only blanket allegations against all defendants. Id. The Court accordingly dismissed the actions for lack of standing.

On December 11, 2017, plaintiffs filed second amended complaints ("SACs") in both cases. No. 17-2522, dkt. 78; No. 17-2559, dkt. 77. The SACs substituted one of the original named plaintiffs, MSP Recovery, LLC, with current plaintiff MSP Recovery Claims, Series LLC, and alleged claims against an additional defendant: the 21st Century Insurance Company. Each SAC listed and briefly described assignment agreements between plaintiffs and 78 different MAOs, MSOs, IPAs, and related entities. However, plaintiffs redacted the names of these entities without requesting leave to file the SACs under seal. On January 22, 2018, defendants filed motions to strike or, in the alternative, to dismiss the SACs. No. 17–2522, dkt. 82; No. 17–2559, dkts. 81 & 82. Plaintiffs attached copies of the unredacted SACs to their opposition brief. No. 17–2522, dkt. 83; No. 17–2559, dkt. 83.

At a hearing on February 26, 2018, defendants argued that the SACs should be dismissed for lack of standing because the four representative claims did not involve insurance policies issued by any of the named defendants. Plaintiffs indicated that they have data regarding hundreds prospective claims based on information disclosed by various Farmers entities to third-party insurance claims databases. However, because many entities listed in the databases were disclosed generically, i.e. "Farmers Insurance Exchange," "Farmers Insurance Group," or just "Farmers," plaintiffs asserted it was impossible to determine which specific Farmers entity is responsible for the insured in each case. The Court took the motions under submission and ordered limited jurisdictional discovery to determine which Farmers entities should be named as defendants. See No. 17-2522, dkt. 89; No. 17-2559, dkt. 89.

The Court held another hearing April 30, 2018. The parties indicated that plaintiffs had provided defendants with a list of over 500 Medicare beneficiaries associated with prospective claims against a Farmers entity in addition to copies of 149 assignment agreements. In response, defendants identified the names of specific Farmers entities that issued the corresponding insurance policies. On May 7, 2018, the Court granted defendants' pending motions to dismiss the SACs with leave to amend. No. 17-2522,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

dkt. 97; No. 17-2559, dkt. 97 ("May 7, 2018 Order"). The Court found that the un-redacted SACs included sufficient allegations to demonstrate valid assignment agreements because the pleadings identified the alleged assignors and the essential terms of the assignments. The Court also found the representative facts regarding four Medicare beneficiaries "generally sufficient" to demonstrate that the respective assignors suffered an injury-in-fact. The allegations demonstrated that (1) the MAOs' enrollees suffered injuries, and the MAOs paid for treatment of those injuries; (2) the enrollees were insured by or entered into settlement agreements with tortfeasors indemnified by defendants; and (3) defendants had not reimbursed the MAOs for the cost of the enrollees' treatment. Id. at 8. However, the Court concluded that the operative SACs still failed to satisfy Article III's traceability requirement because there was nothing in the pleadings tying any claim by one or more of the assignors to any specific named defendant. Id. at 8. The Court accordingly granted the motions to dismiss with leave to amend. Plaintiffs filed the operative TACs on May 29, 2018. No. 17-2522, dkt. 98; No. 17-2559, dkt. 98.

## III.   LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 12(b)(2)

When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181. If the defendant submits evidence controverting the allegations, however, the plaintiff may not rely on its pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

### B.    Federal Rule of Civil Procedure 12(b)(3)

Pursuant to Rule12(b)(3), a defendant may move to dismiss a complaint for improper venue.  If an action is filed in the "wrong division or district" a court may dismiss the action or, "if it be in the interest of justice" transfer the action to an appropriate district or division.  28 U.S.C. § 1406(a).  In federal courts, the determination of where venue is appropriate "is governed entirely by statute." Zumba Fitness, LLC v. Brage, No. CV 11-5361-GHK (CWx), 2011 WL 4732812 (C.D. Cal. Oct. 6, 2011) (citing Leroy v. Great W. United Corp., 443 U.S. 173, 181 (1979)).  When deciding a motion to dismiss for improper venue, unlike a Rule 12(b)(6) motion, the court need not accept the pleadings as true and may consider facts outside the pleadings.  See R.A. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).  Once a defendant raises an objection to venue, the plaintiff bears the burden of establishing that the selected venue is proper.  Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).  To defeat a motion to dismiss for improper venue, the plaintiff need only make a prima facie showing of proper venue.

### C.    Federal Rule of Civil Procedure 20(a)(2)

Under Rule 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).  "Rule 20(a)(2) is designed to promote judicial economy and trial convenience." Hard Drive Prods., Inc. v. Does 1–188, 809 F.Supp.2d 1150, 1156 (N.D. Cal. 2011).  If the Court concludes that joinder is not proper, a court may "add or drop a party," or "sever any claim against a party." Fed. R. Civ. P. 21.  Further, even if the permissive joinder requirements are met, the Court may sever to avoid delay, jury confusion, or prejudice to the moving party.  Fed. R. Civ .P. 20(b); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|---|---|---|---|
|  | 2:17-cv-02559-CAS (PLAx) |  |  |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

### D.    Federal Rule of Civil Procedure 12(b)(1)

A motion pursuant to Rule 12(b)(1) tests whether the court has subject matter jurisdiction to hear the claims alleged in the complaint. A Rule 12(b)(1) motion may be either facial, where the inquiry is limited to the allegations in the complaint, or factual, where the court may look beyond the complaint to consider extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). Article III standing is a threshold jurisdictional matter and must be established before proceeding to the merits. Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007) (en banc). To satisfy the "irreducible constitutional minimum" of Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, ─── U.S. ───, 136 S.Ct. 1540, 1547 (2016) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). Generally, a plaintiff may only bring a claim on his own behalf and may not assert claims based on the rights of another party. Pony v. Cty. of Los Angeles, 433 F.3d 1138, 1145 (9th Cir. 2006). However, "the assignee of a claim has standing to assert the injury in fact suffered by the assignor." Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 773 (2000). Thus, "the assignee stands in the shoes of the assignor, and, if the assignment is valid, has standing to assert whatever rights the assignor possessed." Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc., 770 F.3d 1282, 1291 (9th Cir. 2014).

### B.    Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|---|---|---|---|
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## IV. DISCUSSION

Defendants move to dismiss these actions of several grounds: lack of personal jurisdiction, improper venue, lack of standing, and failure to state a claim upon which relief can be granted. Defendants also move to sever the claims due to misjoinder. The Court addresses each of these issues below.

### A. Personal Jurisdiction

Defendants first move to dismiss all claims in the No-Fault Case against Security National Insurance Company, Bristol West Insurance Company, and Bristol West Preferred Insurance Company pursuant to Rule 12(b)(2) for lack of personal jurisdiction. No-Fault Mot. at 2–9. On the same grounds, defendants move to dismiss all claims against Farmers Insurance Company of Arizona and Security National Insurance Company in the Settlement Case. Settlement Mot. at 2–8. Defendants indicate that the operative complaints contain only conclusory allegations regarding personal jurisdiction, see No-Fault TAC ¶ 9, Settlement TAC ¶ 8, and contend there is no basis for the Court to exercise either general or specific jurisdiction over these defendants. The Court agrees.

In both cases, plaintiffs allege that Security National Insurance Company is a Delaware company with its principal place of business in Florida that issued no-fault

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

policies or made settlement payments to Florida residents whose medical expenses were paid by Florida Health Care Plus and/or Health Care Advisor Services, two Florida-based companies that assigned their recovery rights to plaintiffs. See No-Fault TAC ¶¶ 52, 78, 81, 91, 92; Settlement TAC ¶¶ 49, 74, 90. Similarly, Bristol West Insurance Company is an Ohio company with its principal place of business in Florida that allegedly issued a no-fault policy covering a Florida resident whose medical expenses were paid by MCCI Group Holdings, LLC, a Delaware limited liability company. No-Fault TAC ¶¶ 58, 98, 77. Bristol West Preferred Insurance Company has its principal place of business in Florida and allegedly issued a no-fault policy covering a Michigan resident whose medical expenses were paid by Michigan-based Reliance ACO, LLC. Id. ¶¶ 54, 80, 101. The Farmers Insurance Company of Arizona has its principal place of business in Arizona, and allegedly made a settlement payment to a Michigan resident whose medical expenses were also paid by Reliance ACO, LLC. Settlement TAC ¶¶ 45, 73, 88.

Defendants accordingly argue that plaintiffs have failed to satisfy their burden of alleging facts demonstrating that these four defendants purposefully directed any activities or consummated any transaction in California, or that the claims for reimbursement arise out of or relate to activities in California. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). Defendants appear to concede that the Court has personal jurisdiction over the remaining defendants in both cases. However, they note that "a parent corporation's ties to a forum do not create personal jurisdiction over the subsidiary," and by analogy, a corporate affiliate's contacts with the forum may not be imputed to other affiliates. See Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299 (9th Cir. 1986). Although the alter ego test may be used to extend personal jurisdiction between parent and subsidiary corporations, see Ranza v. Nike, Inc., 793 F.3d 1059, 1073 (9th Cir. 2015), there are no alter ego allegations in the complaints, nor do plaintiffs assert any other basis to pierce the corporate veil between any of the Farmers entities.

Plaintiffs effectively concede they have failed to make a prima facie showing of jurisdictional facts with respect to these four defendants. Nevertheless, plaintiffs assert that the Court may exercise "pendent" personal jurisdiction over them because all defendants collectively engaged in a "systematic pattern of non-reimbursement of conditional payments" which they were obligated to make under the MSP. Because personal jurisdiction has been established for "so many" defendants, plaintiffs contend this situation militates in favor of exercising pendent personal jurisdiction, particularly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

because the Farmers "corporate world is in the Los Angeles area and this case is a putative class action." No-Fault Opp'n at 11–12; Settlement Opp'n at 5–6. This is a clear misapplication of the doctrine of pendent personal jurisdiction.

Pendent personal jurisdiction may be invoked in the relatively infrequent situation where a "defendant is subject to personal jurisdiction for one or more claims asserted against it, but not as to another claim or claims." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1069.7 (4th ed. 2013). Under these circumstances, the Ninth Circuit has recognized that a defendant may be required to defend a "claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." Action Embroidery Corp. v. Atl. Embroidery, Inc., 368 F.3d 1174, 1180 (9th Cir. 2004). The rationale is that "[w]hen a defendant must appear in a forum to defend against one claim, it is often reasonable to compel that defendant to answer other claims in the same suit arising out of a common nucleus of operative facts." The doctrine thereby serves the interests of "judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties." Id. at 1181.

However, the exercise of pendent personal jurisdiction still requires at least one claim against the defendant for which the Court already has personal jurisdiction. Plaintiffs cite no authority for the proposition that a court may exercise personal jurisdiction over a defendant having no relevant forum contacts merely because jurisdiction is proper over its co-defendants and the claims involve a common nucleus of operative facts. Accordingly, plaintiffs may not rely on pendent personal jurisdiction. Because plaintiffs fail to allege facts sufficient to exercise personal jurisdiction over these defendants, the Court dismisses all claims against Security National Insurance Company, Bristol West Insurance Company, and Bristol West Preferred Insurance Company in the No-Fault Case. The Court also dismisses all claims against Security National Insurance Company and Farmers Insurance Company of Arizona in the Settlement Case.

Accordingly, the Court **GRANTS** defendants' motions to dismiss for lack of personal jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|---|---|---|---|
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

### B.    Venue

Defendants move to dismiss 16 of the 17 defendants in the No-Fault Case for improper venue pursuant to Rule 12(b)(3).  No-Fault Mot. at 9–13.  Defendants also move to dismiss 11 of the 14 defendants in the Settlement Case.  Settlement Mot. at 8–12.  The Court finds that venue is proper in this judicial district under either 28 U.S.C. § 1391(b)(1) or (b)(3).

Under the general venue statute, 28 U.S.C. § 1391, a civil action may be brought in any of the following:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Defendants first assert that venue is improper under the residence provision, id. § 1391(b)(1), because the TACs "concede[] that not all defendants reside in California," rather, they are incorporated and/or have their principal places of business in Arizona, Ohio, Illinois, Delaware, Pennsylvania, Michigan, and New York.  No-Fault Mot. at 10; Settlement Mot. at 9.  For diversity jurisdiction purposes, a corporation is a "citizen" of both the state in which it was incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332(c).  But for *venue* purposes, corporations (and other entities that can sue or be sued in their own names) are "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).  Moreover, in states with multiple districts such as California, a corporate defendant is deemed to "reside" in any district in which its "contacts" would subject it to personal jurisdiction at the time an action is commenced, if that district were a separate state; or, if there is no such district, in whichever district it has the "most significant" contacts.  28 U.S.C. § 1391(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|-----------|--------------------------|------|-----------------|
|           | 2:17-cv-02559-CAS (PLAx) |      |                 |
| Title     | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

The Court is dismissing all defendants who asserted lack of personal jurisdiction and therefore assumes that every remaining defendant in these actions is subject to personal jurisdiction in California or has waived any such objection. All defendants are thus "residents" of California for venue purposes. Accordingly, if "any" defendant in each case "resides" in this district, venue is proper pursuant to § 1391(b)(1). The complaints allege, and defendants do not dispute, that several defendants have their principal places of business within this district. See No-Fault TAC ¶¶ 47, 55, 62; Settlement TAC ¶¶ 44, 51. "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.' " Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). At least one defendant in each case is therefore subject to the Court's personal jurisdiction in this district and is thus a "resident" within the meaning of § 1391(b)(1). Because all remaining defendants "reside" in California, and at least one defendant in each case is a "resident" of this judicial district, venue is proper under § 1391(b)(1).

With respect to § 1391(b)(2), the Court agrees with defendants that this transaction-based venue provision is not applicable because the alleged "events or omissions" giving rise to the claims against each defendant occurred in various districts outside California—specifically Arizona, Florida, Michigan, Minnesota, New York, Ohio, and Utah. See No-Fault TAC ¶¶ 86–104; Settlement TAC ¶¶ 68–74. The Court disagrees with plaintiffs' assertion that the relevant transaction is defendants' "systematic pattern" of "misreporting" claims data allegedly centered at the Farmers headquarters in Los Angeles. "Only the events that directly give rise to a claim are relevant." Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003). Here, allegations of misreporting are only tangentially related to the transactions directly giving rise to plaintiffs' claims: defendants' failure to pay or reimburse plaintiffs' assignors for conditional Medicare payments. Plaintiffs have not established that a substantial part of the relevant transactions occurred in this district with respect to their claims against each defendant. Accordingly, venue is not proper under § 1391(b)(2).

In addition, to the extent that venue is not proper based on defendants' residence, the Court alternatively finds that plaintiffs may rely on the fallback venue provision, § 1391(b)(3), which provides that "if there is no district in which an action may otherwise be brought" a plaintiff may venue the action in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|---|---|---|---|
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

U.S.C. § 1391(b)(3). Plaintiffs argue that if these two actions cannot be brought in any other district, venue is proper here because many of the defendants are subject to the Court's personal jurisdiction. No-Fault Opp'n at 14; Settlement Opp'n at 8. According to defendants, however, if there are other districts where venue would be proper as to claims against each *individual* defendant under either § 1391(b)(1) or (b)(2) in *separate* actions, plaintiffs cannot rely on the fallback provision merely because there is no district where venue would be proper against *all* defendants in a *single* action. See No-Fault Reply at 10–11; Settlement Reply at 9–10.

Although there is a dearth of authority interpreting § 1391(b)(3) as applied in multi-defendant cases, several courts have concluded that the fallback provision applies where "the whole action, involving multiple properly joined parties and claims" could not have been brought "in its entirety in another district" under either § 1391(b)(1) or (b)(2). McCaskey v. Cont'l Airlines, Inc., 133 F. Supp. 2d 514, 526 (S.D. Tex. 2001) (citing FS Photo, Inc. v. PictureVision, Inc., 48 F. Supp. 2d 442, 448 (D. Del. 1999) (interpreting, as a matter of first impression, the statute "to mean that section 1391(b)(3) may only be utilized if there is no other district which would have both personal jurisdiction and venue as to *all* defendants.") (emphasis added)); see also Niagra Bottling, LLC v. Orion Packaging Sys., LLC, No. EDCV 12-00498 VAP, 2012 WL 1747398, at *6 (C.D. Cal. May 14, 2012) (noting that, pursuant to § 1391(b)(3), "[i]f, and only if, there is no other district in which venue is proper as to both [defendants]," plaintiff "can establish venue in this district if the Court has personal jurisdiction over either [defendant]"). The Court finds the reasoning of these cases to be persuasive. To the extent there is no district in which the entire action in both cases could have been brought under either § 1391(b)(1) or (b)(2), the Court finds that venue is proper here under § 1391(b)(3).

Accordingly, the Court **DENIES** defendants' motions to dismiss for improper venue.

**C.    Joinder**

Pursuant to Rule 21, defendants move to sever the claims against each defendant in both actions on the grounds that they were improperly joined. Defendants argue that the claims do not arise out of the "same transaction or occurrence or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(2)(A), because "the claims arise out of distinct alleged accidents, distinct purported insurance or Medicare claims, distinct payments to medical providers, and are distinct in time, place and parties; they are brought on behalf

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|---|---|---|---|
|  | 2:17-cv-02559-CAS (PLAx) |  |  |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

of different Assignors and via different sets of purported assignments; and they have entirely separate legal analyses for the affirmative claims and defenses." No-Fault Mot. at 15; Settlement Mot. at 13. The Court is unpersuaded by defendants' arguments.

First, the Court finds that plaintiffs' claims arise out of the same "series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997) (finding claims were not sufficiently related where plaintiffs did not allege that claims arose "out of a systematic pattern of events."). Properly construed, the complaints allege that defendants are engaged in a systematic pattern of failing to reimburse MAOs for conditional Medicare payments. See League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir.1977) (Rule 20 "is to be construed liberally"). Similarly, the Court finds that there are several questions of law or fact common to defendants. Fed. R. Civ. P. 20(a)(2)(B) (requiring "*any* question of law *or* fact" be common to defendants) (emphasis added). Here, there are numerous common questions of law relating to the MSP provisions of the Medicare Act and factual issues regarding defendants' failure to make payments required by law.

Overwhelming considerations of judicial economy further compel the Court to deny defendants' motions to sever. The Court is simply not prepared to try over two dozen separate cases based on an alleged pattern of non-payment by related Farmers entities. Severance would undoubtedly increase litigation costs for all parties and place an unnecessary burden on the Court's limited judicial resources. This is most clearly evidenced by defendants' decision to file 31 separate but redundant motions to dismiss in these actions on July 3, 2018. Defendants were therefore properly joined under Rule 20, and severance is not appropriate.

The Court accordingly **DENIES** defendants' motions to sever.

**D.    Standing**

Defendants move to dismiss all claims in both actions for lack of standing. See No-Fault Mot. at 16–31; Settlement Mot. at 14–28. As previously discussed, the Court ordered the parties to engage in jurisdictional discovery during the pendency of defendants' motions to dismiss the SACs. This was intended to assist plaintiffs in determining which Farmers entities should be named as defendants and also to permit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

defendants to ensure that plaintiffs' assignments are valid. Now, after plaintiffs produced over 1,000 pages of assignment agreements and included allegations in the TACs tracing each claim against each defendant to a specific assignor, defendants raise a series of standing arguments that can be grouped into three categories: (1) individualized challenges based on late-produced assignment agreements, (2) generalized challenges to the validity of the agreements, (3) a challenge to MSP Recovery Claims, Series LLC's standing to assert claims on behalf of various "series" LLCs, and (4) a challenge to the standing of various "non-MAO assignors." The Court addresses these arguments in turn after recapping the relevant legal standard.

To satisfy constitutional standing requirements, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, 136 S.Ct. at 1547. An "assignee stands in the shoes of the assignor, and, if the assignment is valid, has standing to assert whatever rights the assignor possessed." Spinedex, 770 F.3d at 1291. To satisfy the "traceability" requirement, there must be a "causal connection between the injury and the actions" about which a plaintiff complains. Easter v. Am. W. Fin., 381 F.3d 948, 961 (9th Cir. 2004). In a multi-defendant class action, "at least one named plaintiff must have standing in his own right to assert a claim against each named defendant before he may purport to represent a class claim against that defendant," that is, "for every named defendant there be at least one named plaintiff who can assert a claim directly against that defendant." Henry v. Circus Casinos, Inc., 223 F.R.D. 541, 544 (D. Nev. 2004); see also In re Carrier IQ, Inc., 78 F. Supp. 3d 1051, 1068–69 (N.D. Cal. 2015) ("[F]or a class action to proceed between the named parties, each named plaintiff must have standing to sue at least one named defendant; to hold each defendant in the case, there must be at least one named plaintiff with standing to sue said defendant.") (citing Easter, 381 F.3d at 961–62).

### 1.    Individualized Challenges

Defendants specifically challenge plaintiffs' standing to assert claims on behalf of MCCI Group Holdings, LLC ("MCCI") and Florida Health Care Plus, Inc. ("FHCP") because several assignment agreements were not produced to defendants during jurisdictional discovery. No-Fault Mot. at 19, 21; Settlement Mot. at 18–19. However, the allegations in the TACs are sufficient to demonstrate standing, and defendants have not demonstrated that any late-produced agreements are invalid.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|---|---|---|---|
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

With respect to MCCI, the TACs allege that on December 3, 2014, MCCI entered into an agreement with non-party MSP Recovery, LLC assigning its rights to recover conditional Medicare payments. MSP Recovery, LLC then entered into a second assignment agreement with plaintiff MSPA Claims 1, LLC on February 20, 2015. No-Fault TAC ¶ 77; Settlement TAC ¶ 72. Plaintiffs apparently omitted this second assignment agreement from their production to defendants, who now assert that the missing document is grounds for dismissal of all claims against five defendants. No-Fault Mot. at 21; Settlement Mot. at 19. Plaintiffs have now provided a copy of the relevant agreement to defendants. See Declaration of Adam M. Foster ("Foster Decl.") ¶ 9. Although defendants assert that the Court should not consider this document, they do not argue that the second assignment agreement is invalid for any specific reason. The Court finds the allegations in the TACs sufficient to demonstrate that plaintiffs have standing to assert claims on behalf of MCCI. To the extent defendants make a factual attack under Rule 12(b)(1), they have failed to demonstrate that the second assignment agreement is invalid.

Regarding FHCP, the TACs allege that on April 15, 2014, FHCP entered into an agreement with La Ley Recovery Systems, Inc. ("La Ley") assigning its MSP recovery rights. On February 20, 2015, La Ley entered into a second assignment agreement with plaintiff MSPA Claims 1, LLC. Then, on June 1, 2016, a settlement agreement was entered into by La Ley, non-party MSP Recovery, LLC, MSPA Claims 1, LLC, and the Florida Department of Financial Services as the receiver of FHCP. No-Fault TAC ¶ 81; Settlement TAC ¶ 74. Plaintiffs indicate that because FHCP went bankrupt, the subsequent assignments were not valid without FHCP's approval, thus necessitating the settlement agreement with FHCP's receiver. Again, defendants complain that the second assignment and settlement agreements were not produced. However, this issue has been remedied. See Foster Decl. ¶ 9. Defendants do not argue that these agreements are invalid or otherwise preclude plaintiffs from asserting claims on behalf of FHCP. The Court accordingly finds the allegations sufficient to demonstrate standing and concludes that defendants otherwise fail in any factual attack on jurisdiction.

**2.      Generalized Challenges**

Defendants make a series of generalized assertions that several assignment agreements are "facially defective" because (1) they do not assign recovery rights to *both* plaintiffs; (2) the agreements "assign nothing" to plaintiffs and are too vague to enforce;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|---|---|---|---|
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

and (3) the assignments are invalid because the agreements are actually revocable contingency fee agreements. No-Fault Mot. at 19, 21; Settlement Mot. at 18–19. The Court is not persuaded by these arguments.

First, plaintiffs are not required to demonstrate that they *both* have standing to assert claims against all defendants, rather "for every named defendant there [must] be at least one named plaintiff who can assert a claim directly against that defendant." Henry, 223 F.R.D. at 544. In other words, "to hold each defendant in the case, there must be at least one named plaintiff with standing to sue said defendant." In re Carrier IQ, 78 F. Supp. 3d at 1069 (citation omitted). Accordingly, there is no merit in defendants' repeated argument that "Plaintiff MSPA Claims I, LLC is not even mentioned" in the various agreements. As long as one of the plaintiffs has a valid assignment, the corresponding defendant will remain in the action.

Second, the Court has reviewed the assignment agreements executed by (1) SummaCare, Inc., (2) Reliance ACO, LLC, (3) Emblem Health Services Company, LLC, (4) Verimed IPA, LLC, (5) Plum Healthcare, LLC, (6) FHCP, (7) Health Care Advisors Services, Inc., (8) MCCI, and (9) Fallon Community Health Plan. See No-Fault Mot., Exs. 1–9; Settlement Mot. Exs. 1–8. Each assignment agreement features similar wording consistent with plaintiffs' allegations that each agreement assigns "all legal rights of recovery and reimbursement for health care services and Medicare benefits provided by health care organizations that administer Medicare benefits for beneficiaries under Medicare." No-Fault TAC ¶ 69, Settlement TAC ¶ 63. The Court already determined in its May 7, 2018 Order that these allegations are sufficient to demonstrate valid assignments conferring standing to plaintiffs. To the extent defendants make a factual attack, they have failed to demonstrate that the assignments are invalid on the grounds they "assign nothing" or are "vague."

Third, the Court is not persuaded that the assignments cannot confer standing because the agreements (1) allow the proceeds of potential recoveries to be shared and (2) allow the parties to terminate the agreements. First, the Supreme Court has expressly rejected the argument that an assignment agreement with a recovery-sharing provision defeats assignee standing. See Sprint Communications Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 273–74 (2008) (holding that assignees of payphone operators had standing to bring claims against long-distance carriers, even though assignees, who received fees from operators, had agreed to remit all proceeds of suits to the operators). In addition,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

defendants argue that the contractual right to terminate the agreements "nullifies any
purported assignment." For this proposition, defendants rely on Prince of Peace
Enterprises, Inc. v. Top Quality Food Mkt., LLC, No. 07 CIV. 00349 (RJH), 2007 WL
704171 (S.D.N.Y. Mar. 7, 2007). In that case, the court found that a "distributorship
agreement" merely granting the plaintiff "exclusive use of, and enforcement rights to,
various trademarks" did not qualify as an "assignment" of a mark under federal law
because it expressly permitted the licensor to terminate the agreement. Id. at *3. But, as
plaintiffs note, this unpublished trademark case is not controlling. Although the
agreements in this case contain termination clauses, they expressly state in substantially
similar terms that the assignor "assigns, transfers, conveys, sets over and delivers" to the
assignee "any and all" of the assignors' "right, title, ownership and interest in and to all"
relevant claims. See, e.g., No-Fault Mot., Ex. 1 at 4. In view of these terms, there is "no
reason to believe the assignment is anything less than a complete transfer" of the
assignors' recovery rights. Sprint Communications, 554 U.S. at 286. Defendants cite no
persuasive authority for the proposition that a termination clause in an otherwise valid
assignment agreement "nullifies" the assignment.

### 3.      Standing of MSP Recovery Claims, Series LLC

Defendants contend that plaintiff MSP Recovery Claims, Series LLC lacks
standing because this entity is not the "final" assignee per the agreements, rather eight
other "series" LLCs are the signatories to the agreements, namely Series 16-11-509 LLC,
Series 17-02-564 LLC, Series 16-08-483 LLC, Series 16-10-504 LLC, Series 15-08-27
LLC, Series 15-09-108 LLC, Series 16-08-483, Series 17-04-631 LLC. Relatedly,
defendants assert that the assignments are invalid because they were signed by John H.
Ruiz on behalf of another entity, Series MRCS, LLC. Defendants note that several of the
relevant assignment and operating agreements involving these entities were not produced
during jurisdictional discovery. No-Fault Mot. at 16–25; Settlement Mot. at 15–23.
Plaintiffs maintain that defendants simply misunderstand Delaware law and how a series
LLC operates. Plaintiffs indicate that each "final" assignee is merely a "subseries" of
MSP Recovery Claims, Series LLC and does not need to be a party to these actions. No-
Fault Opp'n at 21–23; Settlement Mot. at 15–17.

Under Delaware law, an LLC may establish one or more "series of members,
managers or [LLC] interests" which "may have separate rights, powers or duties with
respect to specified property or obligations of the [LLC] or profits and losses associated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|---|---|---|---|
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

with specified property or obligations" as well as a "separate business purpose or
investment objective."  Del. Code Ann. tit. 6, § 18-215(a).  In order to be entitled to this
treatment, the LLC must provide for the series in the LLC agreement, keep separate
records for each series and separately hold or account for the assets each series of the
LLC, and give notice of the limitation on liabilities of a series in the certificate of
formation of the LLC, which constitutes notice of the liability limitation.  See id. §18-
215(b).  "Unless otherwise provided in a [LLC] agreement, a series established in
accordance with subsection (b) of this section shall have the power and capacity to, in its
own name, contract, hold title to assets (including real, personal and intangible property),
grant liens and security interests, and sue and be sued."  Id. § 18-215(c).

    The Court is unaware of any case law construing these provisions to determine
whether an LLC has the capacity to pursue litigation on behalf of its series entities.
Section 18-215(c) provides that a series "shall have the power and capacity" to "sue and
be sued" "[u]nless otherwise provided in a [LLC] agreement."  Id. § 18-215(c).  This
provision may be interpreted to permit an LLC to sue on behalf of its series if provided
for in the operating agreement.  Plaintiffs allege that MSP Recovery Claims, Series LLC
"maintains the legal right, by and through its limited liability company agreement, to sue
on behalf of each of its designated series LLCs."  No-Fault TAC ¶ 44 ; Settlement TAC ¶
41.  In opposition to the instant motions, plaintiffs have also attached an amendment to
MSP Recovery Claims, Series LLC's operating agreement, which provides in pertinent
part that "the Company is authorized to pursue or assert any claim or suit capable of
being asserted by any designated series arising from, or by virtue of, an assignment to a
designated series."  No-Fault Opp'n, Ex. 3.

    Even assuming that this amendment to the operating agreement permits MSP
Recovery Claims, Series LLC to pursue litigation on behalf of the series that are the
ultimate assignees in the various assignment agreements, defendants argue that this
amendment cannot confer standing because it was executed and made effective on May
5, 2017, *after* this lawsuit was filed.  No-Fault Reply at 17.  As a general rule, "standing
is determined as of the commencement of the litigation."  Yamada v. Snipes, 786 F.3d
1182, 1203 (9th Cir. 2015).  However, this rule is subject to several limited exceptions.
See Righthaven LLC v. Hoehn, 716 F.3d 1166, 1171 (9th Cir. 2013).  For example, in
Northstar Financial Advisors Inc. v. Schwab Investments, 779 F.3d 1036, 1044 (9th Cir.
2015), the Ninth Circuit held that a supplemental pleading under Federal Rule of Civil
Procedure 15(d), based on facts that occurred after the filing of the original complaint,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|---|---|---|---|
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

could cure standing deficiencies that existed at the time of the original complaint.  In Northstar, Judge Koh was reassigned a case after it was dismissed for lack of standing with a suggestion that this defect could be cured by filing an amended complaint.  The plaintiff followed this suggestion; and defendant renewed its motion to dismiss following reassignment.  Id. at 1043.  Judge Koh declined to dismiss the complaint for lack of standing because to do so would have "elevate[d] form over substance" and she therefore treated the prior order as granting plaintiff leave to file a supplemental pleading under Rule 15(d).  Id. at 1043–44.  The Ninth Circuit affirmed, reasoning that under the circumstances instituting a new action would have been a "needless formality." Id. at 1044 (citation omitted).

To the extent MSP Recovery Claims, Series LLC's ability to sue of behalf of its series depends on the May 5, 2017 amendment to its operating agreement, the Court declines to dismiss the complaints for lack of standing.  Dismissing these actions would likely result in plaintiffs simply re-filing in this district because, as already explained, there is personal jurisdiction over the remaining defendants in California and venue is proper in this district.  There is also no indication that any applicable statutes of limitation have run with respect to plaintiffs' claims.  Because dismissing these actions at this juncture would be a "needless formality," the Court construes plaintiffs' filing of the amendment to MSP Recovery Claims, Series LLC's operating agreement as a Rule 15(d) supplemental pleading and finds it sufficient to demonstrate plaintiff's standing to assert claims on behalf of its series assignees.  See Northstar, 779 F.3d at 1043–44.

### 4.  Standing of "Non-MAO Assignors"

Defendants next argue that plaintiffs cannot pursue MSP claims on behalf of six assignors who, according to defendants, do not qualify as MAOs and therefore do not have standing to assert a private cause of action under § 1395y(b)(3)(A).  No-Fault Mot. at 26–31, Settlement Mot. at 23–28.

The MSP provides for a "a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement)." 42 U.S.C. § 1395y(b)(3)(A).  This private cause of action is not a *qui tam* statute, but it enables a private party to bring an action to recover from a private insurer where that private party has suffered an injury because a primary plan failed to make a required payment.  Woods v. Empire Health Choice, Inc., 574 F.3d 92, 101 (2d Cir. 2009); accord Parra, 715 F.3d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|---|---|---|---|
|  | 2:17-cv-02559-CAS (PLAx) |  |  |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

1154–55.  However, because the statute is silent regarding *who* may assert the private cause of action, courts have recognized its availability to a variety of private parties.  See, e.g., Humana Med. Plan, Inc. v. W. Heritage Ins. Co., 832 F.3d 1229, 1234 (11th Cir. 2016) (noting that the private cause of action is available to a "Medicare beneficiary whose primary plan has not paid Medicare or the beneficiary's healthcare provider"); Michigan Spine & Brain Surgeons, PLLC v. State Farm Mut. Auto. Ins. Co., 758 F.3d 787, 790 (6th Cir. 2014) (recognizing availability to a healthcare provider who treated a Medicare beneficiary and was paid a reduced amount by Medicare); MSP Recovery, 835 F.3d at 1361 (recognizing availability to a MAO who made a conditional payment for health care services to a Medicare beneficiary).

Defendants argue that (1) Emblem Health Services Company, LLC, (2) Verimed IPA, LLC, (3) Plum Healthcare Group, LLC, (4) Health Advisors Services, Inc., (5) Reliance ACO, LLC, and (6) MCCI Group Holdings, LLC are not MAOs and accordingly lack standing to sue for reimbursement under the MSP.  Although courts have recognized that MAOs may assert MSP claims when they make conditional payments and seek to be reimbursed by primary payers, defendants contend that the assignors at issue here (MSOs, IPAs, etc.) are merely "middlemen" who contract with MAOs to perform "some unspecified part of the management of enrollees' care." Accordingly, because these entities are neither MAOs which "paid the bills" nor the actual doctors who provided the treatment, defendants assert that they cannot avail themselves of the private cause of action under § 1395y(b)(3)(A).  No-Fault Mot. at 28–31; Settlement Mot. 25–28.  Plaintiffs indicate that these entities provide Medicare benefits under MA Plans and, "by stepping into the shoes" of MAOs, they take on the financial risks associated with providing benefits under Part C.  Plaintiffs maintain there is no basis to find that these entities should not be allowed to assert claims under § 1395y(b)(3)(A).  No-Fault Opp'n at 27–31; Settlement Opp'n at 19–24.

In several cases brought by these and related plaintiffs, there is a split of authority on whether first tier and downstream entities such as MSOs and IPAs may assert a private cause of action under § 1395y(b)(3)(A).  Defendants rely on MSP Recovery Claims, Series LLC v. Ace American Ins. Co., No. 17-CV-23749, 2018 WL 1547600, (S.D. Fla. Mar. 9, 2018).  In that decision, Judge Seitz canvassed prior case law recognizing that various private parties may assert claims under § 1395y(b)(3)(A).  Id. at *5.  Based on these decisions, the court concluded that in order to bring a claim under § 1395y(B)(3)(A) "the plaintiff must be either: (1) a Medicare beneficiary; (2) an MAO; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|---|---|---|---|
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

a (3) direct healthcare provider to the Medicare beneficiary." <u>Id.</u> at *6.  Because plaintiffs had failed to demonstrate that its assignors were MAOs or direct healthcare providers, the Court dismissed the action for lack of standing.  <u>Id.</u> at *7–8.

In a pending case in this district, however, Judge Birotte recently denied a motion to dismiss where defendants raised the same arguments regarding standing.  <u>See</u> <u>MAO-MSO Recovery II, LLC v. Mercury General</u>, Nos. 2:17-cv-02525-AB (AJWx), 2:17-cv-02556-AB (AJWx) (C.D. Cal. May 23, 2018).  Judge Birotte respectfully disagreed with the reasoning in the <u>Ace American</u> decision, noting that although courts have recognized the ability of Medicare beneficiaries, MAOs, and direct healthcare providers to assert MSP claims, it "does not automatically follow that the statute *only* applies in those circumstances merely because courts found that it was applicable in those circumstances." <u>Id.</u> at 13 (emphasis in original).  Judge Birotte concluded that "first-tier and downstream entities would suffer the same injury as MAOs when a primary payer failed to pay or reimburse them" and accordingly found no reason why these entities should not be able to assert claims under § 1395y(b)(3)(A).  <u>Id.</u> at 13–14.

The Court finds the reasoning in <u>Mercury General</u> persuasive.  As previously discussed, the statute creates a private cause of action but provides no limitation as to the types of entities that may bring suit.  Plaintiffs allege that first tier and downstream entities such as MSOs and IPAs share financial risk with MAOs when providing healthcare services to Medicare beneficiaries under Part C, and accordingly would also suffer financial injury when an insurer fails to make a required primary payment.  Defendants have not articulated a principled distinction between these entitles and, for example, direct healthcare providers who may assert MSP claims against primary payers.  <u>See</u> <u>Michigan Spine & Brain Surgeons</u>, 758 F.3d at 790.  Based on the current record, the Court finds no basis to conclude that first tier and downstream entities such as MSOs and IPAs lack standing to assert claims under § 1395y(b)(3)(A).

Accordingly, the Court **DENIES** defendants' motions to dismiss for lack of standing without prejudice.

### E.    Failure to State a Claim

Finally, defendants move to dismiss the actions pursuant to Rule 12(b)(6) on the ground that plaintiffs fail to allege facts sufficient to state a claim under § 1395y(b)(3)(A).  "[T]here are three elements of the MSP's private cause of action: (1) a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 13, 2018 |
|---|---|---|---|
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

primary plan, (2) that is responsible to pay for an item or service, and (3) that failed to make the appropriate payment to Medicare for the item or service." Glover v. Philip Morris USA, 380 F.Supp.2d 1279, 1290 (M.D. Fla. 2005), aff'd sub nom. Glover v. Liggett Grp., Inc., 459 F.3d 1304 (11th Cir. 2006). As the Court explained in its May 7, 2018 Order, plaintiffs' complaints include sufficient factual allegations to state claims for relief pursuant to § 1395y(b)(3)(A). See MAO–MSO Recovery II, LLC v. Gov't Emps. Ins. Co., No. PWG–17–711, 2018 WL 999920, at *6 (D. Md. Feb. 21, 2018) (finding similar factual allegations sufficient for the court to draw a reasonable inference that "the MAOs made payments of medical supplies and services that GEICO, as the primary payer, was obligated to cover; that GEICO made payments on behalf of its insureds pursuant to settlement agreements; and that GEICO failed to pay or reimburse the MAOs.").

The Court accordingly **DENIES** defendants' motions to dismiss for failure to state a claim upon which relief can be granted.

**V.    CONCLUSION**

In accordance with the foregoing, the Court hereby **GRANTS** defendants' motions to dismiss **in part** and **DENIES** the motions **in part**. The Court **GRANTS** defendants' motions to dismiss for lack of personal jurisdiction. In the No-Fault Case (No. 2:17-cv-02522) defendants Security National Insurance Company, Bristol West Insurance Company, and Bristol West Preferred Insurance Company are hereby **DISMISSED**. In the Settlement Case (No. 2:17-cv-02559), defendants Security National Insurance Company and Farmers Insurance Company of Arizona are hereby **DISMISSED**. Defendants' motions to dismiss are otherwise **DENIED**. The remaining defendants shall file and serve an answer in each action within **twenty (20) days**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |